Daniel, Judge.
 

 By the act of 1789,
 
 (Rev, c.
 
 308,) contested wills shall be proved by all the living witnesses if to be found, and by such other persons as may be produced to support it. In the present case, one of the subscribing witnesses had removed from the state, and the other had become interested, by marrying a woman who claimed an interest in a legacy given by the will, if it should be established. When one of the attesting witnesses is abi’oad, it seems to be sufficient, as in other instances of instrumentary proof, to give evidence of his handwriting.
 
 (Starkie Ev.
 
 1693.
 
 Jackson
 
 v.
 
 Van Dusen, 5 John. R.
 
 144.) It is, upon this testimony, left to the jury to presume, that the witness subscribed the will in the presence of the testator.
 
 (Croft
 
 v.
 
 Pawlet,
 
 Str. 1109.)
 

 The defendant’s counsel asked his own witness,
 
 Harris,
 
 if, in his opinion, the testator was capable of making a will; an objection being made, the witness was not permitted to answer the question. I do not think that the judge erred in this. The opinions of witnesses, in England, are confined to persons of science, art or skill, in
 

 
 *357
 
 AuatteSfng^itness is the wit-andmay^b^dis’ credited by any exa,n“
 

 Ruffin, Judge
 

 I do not perceive the force of the objection to the opinion of the court, upon the first question of evidence. It is said, that the plaintiff ought to have offered
 
 George Crowell,
 
 and left it to tiie other side to object to his competency ; because it puts the defendant to a disadvantage, when obliged to bring him forward as his witness, instead of cross-examining him. I do not know any rule which obliges a party to tender a witness, known and proved to be incompetent; and the result proves, that then there was no improper design, for the witness’ testimony was such as the plaintiff would have wished to offer, had it been in his power. He was interested at the time of the trial, and became so by the act of God, namely, the death of his father in-law, after his attestation and marriage. Nor is it correct to say, that a person who calls a witness to a will is bound to take his testimony as true. He is not his witness, but that of the law. The party is obliged to call the subscribing witness; another to the same fact will not answer. Therefore, he may contradict and discredit him, and so may any person, who uses him as the subscribing witness. This was done in the case of
 
 Lowe
 
 v.
 
 Jolliffe.
 
 (1
 
 Bl. Rep.
 
 366;
 
 Bul.
 
 N. P. 964.)
 

 The court is unable distinctly to comprehend the object, or indeed, the meaning of the question, which the defendant was not permitted to ask the witness
 
 Harris.
 
 It is stated with an
 
 et cetera,
 
 which perhaps does not entirely convey the idea of the party to us
 
 ;
 
 and it is not
 
 *358
 
 the better understood, when taken in connexion with the reasons which, as stated, induced the judge to reject the evidence. There is, probably, some mistake in transcribing the case. As far as we perceive any meaning, we suppose the attempt was to get the opinion of the witness, whether the supposed testator had capacity
 
 fo make a will.
 
 It could not be, whether he thought him in possession of ordinary facuities, when he executed the instrument; because the witness did not profess to have been present; and because he liad just said, that when sober, he had his proper mind and senses. If this was the purpose of the enquiry, it was properly refused ; for the witness is not to decide what constitutes mental capacity, or a disposing mind and memory ; that being a matter of legal definition. He might state the degree of intelligence or imbecility in the best way he could, so as to impart to the court and jury the knowledge of his meaning, that they might ascertain what was the state of the testator’s mind and memory; but whether that was adequate to the disposition of his property by will, did not rest in the opinion of the witness.
 

 Peii Curiam. — Judgment affirmed.